IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **EAGLES NEST RANCH & ACADEMY, et al.,** | : | |
| | : | **Case No. 2:06-cv-242** |
| **Plaintiffs,** | : | **Judge Holschuh** |
| v. | : | **Magistrate Judge Abel** |
| **BLOOM TOWNSHIP BOARD OF TRUSTEES, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION & ORDER

Plaintiffs Eagles Nest Ranch & Academy, Scott Wayland, and Providence Acquisitions filed suit against the Bloom Township Board of Trustees; Anne Darling Cyphert, Bloom Township Zoning Inspector; and Bloom Township residents Brian Randles, Mark Mitchell, and Michael Orabella.  Plaintiffs allege disability discrimination in violation of federal and state law, violations of Ohio's Open Meetings Law, and violations of their substantive due process rights. This matter is currently before the Court on a motion to dismiss filed by Defendants Mark Mitchell and Michael Orabella.  (Record at 10).

I.      Background and Procedural History

Plaintiff Scott Wayland is the proprietor of Eagles Nest Ranch & Academy, a not-for-profit corporation that has provided equine therapy and rehabilitative services for children with disabilities since 1993.  It is also a working farm and ranch that hosts other activities open to the general public.  Eagles Nest is located in Bloom Township.  The relationship between Eagles Nest and Bloom Township residents has been contentious from the beginning.

According to the Second Amended Complaint, Mark Mitchell, Michael Orabella and other property owners in the area have repeatedly voiced opposition to the continued operation of Eagles Nest.  Beginning on or about January 5, 2005, Mitchell allegedly hosted neighborhood meetings in his home, and invited various Bloom Township officials, including Zoning Inspector Anne Darling Cyphert, to discuss how they might close down Eagles Nest.

On January 14, 2005, Bloom Township filed suit against Eagles Nest, seeking a temporary restraining order prohibiting the ranch from conducting certain activities.  In support of its claim, the township submitted complaints filed by ten Bloom Township residents, including Mitchell and Orabella, alleging that increased traffic and noise from motorcycle racing at Eagles Nest the weekend of January 7-9, 2005 had violated the township's zoning regulations.

On September 29, 2005, Bloom Township filed another suit against Eagles Nest.  After learning that Eagles Nest planned to hold a fund-raising dinner-dance at which liquor might be served, the township sought another temporary restraining order.  Although the court denied the township's request, the fund-raiser had to be canceled because by the time the matter was resolved, deadlines for confirming caterers and entertainment had expired.

In November of 2005, Plaintiffs filed suit against the Bloom Township Board of Trustees, Zoning Inspector Anne Darling Cyphert, and private citizens Brian Randles, Mark Mitchell and Michael Orabella seeking declaratory and injunctive relief as well as damages.  Although the case was originally filed in state court, Defendants removed it to federal court.  Count 1 of the Second Amended Complaint alleges that Defendants have engaged in a pattern and practice of discrimination against handicapped persons in violation of Ohio law.  Count 2 alleges that Defendants have arbitrarily enforced zoning restrictions in violation of Ohio law

prohibiting discrimination against the handicapped. Count 3 alleges violations of the Fair Housing Act, Count 4 alleges violations of the Americans with Disabilities Act, and Count 5 alleges violations of the Rehabilitation Act of 1973. Count 6 alleges violations of Ohio's Open Meetings Law and Count 7 alleges substantive due process violations.

Defendants Mark Mitchell and Michael Orabella have filed a motion to dismiss all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. See Scheuer v. Rhodes, 4l6 U.S. 232, 236 (1974); Arrow v. Federal Reserve Bank of St. Louis, 358 F.3d 392, 393 (6th Cir. 2004); Mayer, 988 F.2d at 638. Although the Court must liberally construe the complaint in favor of the party opposing the motion to dismiss, it will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000); Lewis v. ACB Business Serv., Inc., 135 F.3d 389, 405-06 (6th Cir. 1998). The Court will, however, indulge all reasonable inferences that might be drawn from the pleading. See Saglioccolo v. Eagle Ins. Co., 112 F.3d 226, 228 (6th Cir. 1997).

When determining the sufficiency of a complaint in the face of a motion to dismiss, a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Yushasz v. Brush Wellman, Inc., 341 F.3d 559, 562 (6th Cir. 2003). Because a motion under Rule 12(b)(6) is directed solely to the complaint itself, Roth Steel Prods. v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983), the focus is on whether the plaintiff is entitled to offer evidence to support the claims, rather than on whether the plaintiff will ultimately prevail. Jackson v. Birmingham Bd. of Educ., -- U.S. -- , 125 S. Ct. 1497, 1510 (2005) (citing Scheuer, 416 U.S. at 236).

A complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See Conley, 355 U.S. at 47; Lewis, 135 F.3d at 405. However, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)(emphasis original). Bare assertions of legal conclusions are insufficient. See id.; Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993). The Court will grant a motion for dismissal under Rule 12(b)(6) if there is an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating

4

that the plaintiff does not have a claim. Little v. UNUM Provident Corp., 196 F. Supp. 2d 659, 662 (S.D. Ohio 2002) (citing Rauch v. Day & Night Mfg. Corp., 576 F.2d 697 (6th Cir. 1978)).

**III.   Discussion**

Defendants Mitchell and Orabella, residents of Bloom Township, note that they are mentioned in just 5 of the 120 paragraphs of the Second Amended Complaint. That complaint alleges that they "voiced opposition to the use of the Eagles Nest Ranch & Academy for its intended stated non-profit purpose of providing services to juveniles with disabilities." (Sec. Am. Compl. ¶ 22). It further alleges that Mitchell hosted "neighborhood meetings" concerning Eagles Nest at his home. (Id. at ¶ 24). Finally, the complaint alleges that Mitchell and Orabella, along with eight other residents, filed complaints of zoning violations stemming from activities that took place at Eagles Nest; these complaints were submitted in support of Bloom Township's request for a temporary restraining order. (Id. at ¶¶ 27-29). All of these allegations are included in the "Factual and Legal Background" section of the Second Amended Complaint.

Defendants argue that, even assuming that these allegations are true, the complaint fails to identify how the alleged conduct violated any particular statute or is otherwise actionable. Moreover, the prayer for relief fails to identify what separate relief is sought against them. According to Defendants, the complaint does not comply with Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." In the alternative, Defendants argue that the alleged conduct is not actionable because it is protected by the First Amendment. The Court agrees that dismissal is warranted on both grounds.

The Second Amended Complaint is insufficient to put Mitchell and Orabella on fair notice of the claims asserted against them. They are not mentioned by name in any of the seven causes of action, and the vast majority of the causes of action are clearly directed solely at Bloom Township officials. Even though Count 1 of the complaint states that the alleged pattern and practice of discrimination against handicapped individuals was prompted by "opposition from the neighborhood" and "political pressure and strong and discriminatory comments from the community," (Sec. Amd. Compl. at ¶¶ 50-51), the alleged wrongdoing, *i.e.*, the filing of lawsuits and arbitrary enforcement of zoning regulations and other restrictions, is fairly attributable only to the Bloom Township officials. Count 3 appears to allege violations of the Fair Housing Act. It states that "Defendants' actions in perpetuating the attempts to force the closure of Eagles Nest were taken on account of the handicap and race, color or national origin of the handicapped individuals using the Eagles Nest property." (Id. at ¶ 81). Even if Mitchell and Orabella urged Bloom Township officials to close Eagles Nest, this conduct does not appear to implicate the Fair Housing Act, which prohibits discrimination in the "sale or rental" of a "dwelling." See 42 U.S.C. § 3604.

Plaintiffs' memorandum in opposition does very little to refute Defendants' argument concerning the sufficiency of the allegations against Mitchell and Orabella. Plaintiffs respond only that Mitchell and Orabella "acted in concert" with the Bloom Township Trustees to intentionally discriminate against Plaintiffs and to violate their civil rights. The Court notes, however, that Plaintiffs have not asserted any conspiracy claims, and the causes of action that are asserted do not appear to implicate Mitchell or Orabella.

More importantly, even if the allegations contained in the complaint did state a claim against them, the conduct alleged is simply not actionable. Citing <u>Eaton v. Newport Board of Education</u>, 975 F.2d 292 (6th Cir. 1992), and <u>Stachura v. Truszkowski</u>, 763 F.2d 211, 213 (6th Cir. 1985), <u>rev'd on other grounds</u>, <u>Memphis Community Sch. Dist. v. Stachura</u>, 477 U.S. 299 (1986), Defendants argue that they are immune from liability because their conduct, which consisted only of petitioning Bloom Township to enforce its zoning regulations and assembling with neighbors to discuss Eagles Nest, is protected by the First Amendment.

In the first case cited, Robert Eaton, an elementary school principal, introduced Sylvia Covington, a school employee, to a new teacher as "our resident nigger." Covington complained about the incident to the superintendent. Bill Gist, a representative from the Kentucky Education Association ("KEA"), on behalf of Covington, successfully advocated for the principal's termination, arguing that Eaton had engaged in "conduct unbecoming a teacher." A large crowd attended the school board meeting that resulted in Eaton's termination; many were picketers allegedly encouraged by Gist. Eaton sued Covington, Gist, the superintendent, the school board, and the KEA alleging that they had conspired to violate his constitutional rights. After a jury found in favor of Eaton, the district court granted in part and denied in part defendants' motion for judgment notwithstanding the verdict.

On appeal, the Sixth Circuit held that because "all of the actions taken by Gist and KEA in this case are protected by the first amendment," the jury verdict against them could not stand. 975 F.2d at 296. The court noted that "what Eaton attempts to characterize as a conspiracy is more accurately and commonly known as free expression and political organizing." <u>Id.</u> at 297. Gist and the KEA "were merely exercising their first amendment right to petition the proper

7

governmental body for the removal of Eaton, and their first amendment right of free speech." Id. at 298. The court further noted that "[a] citizen's right to petition is not limited to goals that are deemed worthy, and the citizen's right to speak freely is not limited to fair comments." Id.

Stachura, cited by the court in Eaton, involved a similar holding. In that case, a private citizen lobbied the local school board to dismiss a teacher for allegedly using improper methods for teaching sex education. She organized parents and encouraged them to submit complaints about the teacher to the school board. After being terminated, the teacher sued her. The Sixth Circuit held that because defendant's activities were protected by the First Amendment, she could not be held liable for the teacher's termination. Stachura, 763 F.2d at 213 ("While [defendant's] role in these events is not a pretty one, we agree with the District Judge that it was a petition addressed to the proper authority and as a consequence, her actions were immunized from this suit by her First Amendment rights.").

Plaintiffs make no attempt to distinguish Eaton or Stachura. Plaintiffs argue only that the Court cannot consider the question of First Amendment immunity at this time. However, they cite absolutely no authority for this proposition. Courts frequently dismiss claims early in the litigation process based on First Amendment immunity defenses. See, e.g., Colson v. City of Shaker Heights, 880 F. Supp. 1161, 1168-69 (N.D. Ohio 1995) (granting neighborhood association's motion for judgment on the pleadings because the act of circulating petitions was protected by the First Amendment, making the association immune from liability for claims of race discrimination, and noting that "[t]he First Amendment protects attempts to influence the passage or enforcement of laws, regardless of the motivation of the petitioner, and regardless of how harmful its impact on third parties may be."); AK Steel Corp. v. United Steel Workers of

Am., No. C-1-00-374, 2002 WL 1624290, at *6 (S.D. Ohio March 30, 2002) (granting motion to dismiss because statements made at union rallies were protected by the First Amendment and could not be used as a basis for imposing liability on defendants).

In this case, Mitchell and Orabella are immune from liability because all of their alleged conduct is protected by the First Amendment. In voicing their opposition to the continued operation of Eagles Nest, they were simply exercising their constitutional right to petition the local authorities to redress grievances. In holding neighborhood meetings to discuss problems with Eagles Nest, Mitchell was simply exercising his constitutional right to peaceably assemble. Regardless of their motivation for attempting to force the closure of Eagles Nest, the conduct alleged does not give rise to liability. Because they are immune from liability, Mitchell and Orabella are entitled to dismissal of all claims against them.

### IV. Conclusion

The Court concludes that, with respect to Defendants Mitchell and Orabella, Plaintiffs have failed to state a claim upon which relief may be granted. Regardless of the sufficiency of the allegations contained in the Second Amended Complaint, Defendants' conduct is simply not actionable since it is protected by the First Amendment. The Court therefore **GRANTS** Defendants Mitchell and Orabella's motion to dismiss. (Record at 10).

**IT IS SO ORDERED.**


Date: February 26, 2007                  **/s/ John D. Holschuh**
John D. Holschuh, Judge
United States District Court