IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **EAGLES NEST RANCH & ACADEMY, et al.,** | : | |
| | : | **Case No. 2:06-cv-242** |
| **Plaintiffs,** | | |
| | : | **Judge Holschuh** |
| v. | | |
| | : | **Magistrate Judge Abel** |
| **BLOOM TOWNSHIP BOARD OF TRUSTEES, et al.,** | : | |
| **Defendants.** | : | |

**MEMORANDUM OPINION & ORDER**

Plaintiffs Eagles Nest Ranch & Academy, Scott Wayland and Providence Acquisitions filed suit against the Bloom Township Board of Trustees, Zoning Inspector Anne Darling Cyphert, and three other individuals, alleging discrimination against handicapped persons, arbitrary enforcement of zoning regulations, violations of the Fair Housing Act, Americans with Disabilities Act, the Rehabilitation Act of 1973, Ohio's Open Meetings Law, and denial of substantive due process. This matter is currently before the Court on Defendants' unopposed motion to dismiss Plaintiffs' claims for failure to prosecute. (Record at 34).

**I.      Procedural History**

Plaintiffs initiated this lawsuit on November 7, 2005 in the Fairfield County Court of Common Pleas. Defendants removed the action to federal court. On June 7, 2006, the Court issued a Preliminary Pretrial Order, requiring the parties to: (1) make their Rule 26(a)(1) disclosures on or before July 21, 2006; (2) complete discovery by February 28, 2007; and (3) file all case-dispositive motions on or before March 31, 2007.

On August 4, 2006, Defendants filed a motion to compel responses to their December 2, 2005 interrogatories and requests for production of documents; in the alternative, Defendants moved to dismiss Plaintiffs' claims for failure to prosecute. Plaintiffs did not respond.  On September 29, 2006, the Court granted Defendants' motion to compel and ordered Plaintiffs to respond fully to Defendants' discovery requests within eleven days. Plaintiffs produced only four of the thirty-nine documents requested.

On November 3, 2006, the Court sent a Notice, ordering all parties and counsel to attend a Settlement Week mediation conference on December 12, 2006 with mediator A.C. Strip. On November 17, 2006, the Court sent a revised notice stating that Alphonse Cincione would instead be serving as the mediator.  Neither Plaintiff Scott Wayland nor his attorney, Teresa Villarreal, attended the mediation.

The Court ordered them to attend a March 1, 2007 status conference to explain their absence.  Villareal attended this conference, but Wayland did not.  Villareal stated that she did not attend the December 12, 2006 mediation because she had an appearance in bankruptcy court. She offered no explanation as to why she did not seek a continuance or notify the Court of her expected absence. On March 2, 2007, the Court ordered Villareal to show cause within eleven days why she should not be sanctioned for her failure to appear at the mediation. The Court also ordered Wayland to show cause within eleven days why the case should not be dismissed for want of prosecution for his failure to attend both the mediation and the status conference.

On March 13, 2007, Wayland and Villareal filed a joint response to the show cause order. Regarding their failure to appear at the December 12, 2006 mediation, they explained that after they discovered that the appointed mediator, A.C. Strip, had served as Plaintiffs' counsel in

2

prior, unrelated, legal matters, Villareal contacted Strip's office and Defendants' counsel to notify them of the conflict of interest. An individual from Strip's office advised her that a new mediator would be appointed and that the parties would be notified. Villareal claims that she never received the revised notice. On the date of the mediation, Villareal was in bankruptcy court when she received a message that the mediation was proceeding as scheduled. She immediately attempted to contact the Court and opposing counsel but was told that the mediation had already been cancelled. Regarding Wayland's failure to attend the March 1, 2007 status conference, Villareal contends that she received notice just three days prior to the conference. She attempted to contact her client but he was out of state and unable to receive messages.

On March 2, 2007, in response to concerns about outstanding discovery requests discussed at the March 1, 2007 status conference, the Court also ordered Plaintiffs to make their Rule 26(a)(1) disclosures and to provide full responses to all of Defendants' written discovery requests within eleven days. Plaintiffs failed to comply with this order. Thereafter, on March 20, 2007, Defendants moved to dismiss Plaintiffs' claims for lack of prosecution and, on March 30, 2007, they moved for summary judgment. Plaintiffs failed to respond to either motion.

On April 19, 2007, Plaintiffs filed a notice of voluntary dismissal, purporting to dismiss their claims without prejudice. However, on April 24, 2007, the Court struck this unilateral dismissal as improper, as Defendants had already filed an answer and a motion for summary judgment. On July 5, 2007, this Court ordered Plaintiffs to show cause by July 16, 2007 why the case should not be dismissed with prejudice for lack of prosecution. Again, Plaintiffs failed to respond.

**II.     Discussion**

Defendants' March 20, 2007 motion to dismiss for lack of prosecution alleges that Plaintiffs have repeatedly failed to comply with this Court's orders, have persistently failed to cooperate in the discovery process, and have otherwise failed to prosecute their case. Federal Rule of Civil Procedure 41(b) authorizes a court, upon motion by the defendant, to order the involuntary dismissal of an action for failure to prosecute or to comply with a court order. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999) (quotation omitted).

District courts are permitted substantial discretion in determining whether dismissal is appropriate under Rule 41(b). Id.  However, the Sixth Circuit has emphasized that dismissal is a "harsh" remedy reserved for "extreme situations where a plaintiff has engaged in 'a clear pattern of delay or contumacious conduct.'" Holt v. Pitts, 619 F.2d 558, 562 (6th Cir. 1980) (quotation omitted). In Stough v. Mayville Community Schools, 138 F.3d 612 (6th Cir. 1998), the Sixth Circuit held:

> When contemplating dismissal under Rule 41(b), a court must consider: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Id. at 615.

### A. Willfulness, Bad Faith, or Fault

The first factor the Court must consider is whether Plaintiffs' failure to prosecute is due to willfulness, bad faith or fault. The Sixth Circuit has noted that, although no one factor is outcome-dispositive, willfulness or bad faith by the plaintiff is a key consideration. See Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 591-92 (6th Cir. 2001). Such willfulness may be found when a party consciously and intentionally disregards a court's discovery order. See Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995).

Since the inception of this case, Plaintiffs have demonstrated a persistent and willful refusal to cooperate in discovery, and have consciously and intentionally disregarded this Court's discovery orders. They failed to comply with the Court's July 21, 2006 deadline for providing the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1). They also failed to comply with the Court's March 2, 2007 order giving them eleven days to make the required disclosures. In addition, Plaintiffs have failed to respond to Defendants' discovery requests. On September 29, 2006, the Court ordered Plaintiffs to provide full responses to Defendants' discovery requests within eleven days. In response, Plaintiffs produced only four of the thirty-nine documents requested. On March 2, 2007, the Court again ordered Plaintiffs to provide full responses to Defendants' discovery requests, but Plaintiffs failed to respond.

Not only have Plaintiffs failed to comply with the Court's orders and failed to respond to Defendants' discovery requests but, as noted by Magistrate Judge Abel at the March 1, 2007 status conference, Plaintiffs conducted very little discovery of their own. They have taken no depositions. Plaintiffs allegedly served some discovery requests on Defendants in April of 2006,

5

but when Plaintiffs inquired about the status of those requests in August of 2006, Defendants stated that they had never received them. In November of 2006, Plaintiffs finally provided Defendants with copies. Shortly thereafter, Defendants advised Plaintiffs that the documents were prepared and available for inspection, but Plaintiffs never inspected the documents. Plaintiffs have not moved to extend the discovery deadline, which has now expired.

In addition, Plaintiffs have not responded to Defendants' motion to dismiss, Defendants' motion for summary judgment, or to this Court's July 5, 2007 show cause order. The Court is therefore compelled to find that Plaintiffs have willfully failed to prosecute this litigation.

**B.     Prejudice**

The second factor the Court must consider is whether the party seeking dismissal was prejudiced by the other party's failure to prosecute. Here, Defendants have undoubtedly been prejudiced by Plaintiffs' neglect. Defendants have had to expend time and money in pursuit of discovery that Plaintiffs were legally obligated to provide. Defendants incurred the expense of filing motions to compel and motions to dismiss based on Plaintiffs' failure to respond to discovery requests. Moreover, according to Plaintiffs, many of the documents that Defendants requested are no longer available because they were lost or stolen.

Defendants also incurred expenses in filing a motion for summary judgment to which Plaintiffs have not responded. In addition, Defendants incurred expenses in connection with the December 12, 2006 mediation conference. When Plaintiffs failed to appear, Defendants had to expend additional resources participating in a status conference to discuss the reasons for Plaintiffs' absence. For all of these reasons, the Court concludes that Defendants have been

6

prejudiced by Plaintiffs' failure to prosecute.

### C. Warning

The third factor the Court must consider is whether Plaintiffs were previously warned that their failure to prosecute could lead to dismissal of their claims. "A pre-dismissal warning for failure to comply with a court's order is pivotal to a determination of willfulness." Bound v. Guernsey County Jail, 2:03-CV-0077, 2005 U.S. Dist. LEXIS 13381, at *10 (S.D. Ohio May 27, 2005).

Plaintiffs were warned on at least four occasions that the Court was contemplating dismissal of their claims. On August 4, 2006, Defendants filed their first motion to dismiss for failure to prosecute. See Harmon v. CSX Transp., 110 F.3d 364, 368 (6th Cir. 1997) (holding that the filing of a motion to dismiss for lack of prosecution places plaintiff on notice that the court is contemplating dismissal of the complaint). On March 2, 2007, this Court ordered Wayland to show cause why the case should not be dismissed for his failure to attend the settlement week mediation and the status conference. On March 20, 2007, Defendants filed their second motion to dismiss Plaintiffs' claims for lack of prosecution. Finally, on July 5, 2007, Plaintiffs were ordered to show cause why their case should not be dismissed with prejudice for lack of prosecution; they failed to respond. Therefore, the Court concludes that Plaintiffs have been more than sufficiently warned of the possibility of dismissal of this action.

### D. Alternate Sanctions

The fourth factor the Court must consider is whether sanctions less drastic than dismissal with prejudice might be appropriate. There is no indication that any lesser sanction would

7

guarantee future cooperation by Plaintiffs in this litigation. The Court has already given them numerous opportunities to supply the requested discovery. In addition, on one prior occasion, the Court granted Defendants' motion to compel rather than their alternative motion to dismiss for failure to prosecute. Plaintiffs have nevertheless persisted in their refusal to comply with Defendants' discovery requests and this Court's orders.

### III.     Conclusion

While this Court prefers to adjudicate cases on their merits, the facts of this case indicate that Plaintiffs have no further interest in litigating their claims. Plaintiffs have failed to meet their discovery obligations and have failed to respond to Defendants' motion to dismiss and motion for summary judgment. After Plaintiffs attempted to unilaterally dismiss their claims without prejudice, the Court issued an order giving Plaintiffs until July 16, 1007 to show cause why the claims should not be dismissed with prejudice for failure to prosecute. Plaintiffs failed to respond. For the reasons set forth above, this Court **GRANTS** Defendants' motion to dismiss for failure to prosecute (Record at 34) and **DISMISSES** Plaintiffs' claims **WITH PREJUDICE.**

**IT IS SO ORDERED.**

Date: August 16, 2007                               **/s/ John D. Holschuh**
                                                    John D. Holschuh, Judge
                                                    United States District Court

8